Case 1:21-cv-00850-NRN   Document 1   Filed 03/23/21   USDC Colorado   Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

ASHLEY MAESTAS,

    Plaintiff,

v.

AMERICAN FURNITURE WAREHOUSE CO.,

    Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Ashley Maestas, by and through undersigned counsel, brings this Complaint and Jury Demand against Defendant American Furniture Warehouse Co. and states the following in support:

### NATURE OF ACTION

Plaintiff Ashley Maestas ("Maestas" or "Plaintiff") loyally served as an employee of Defendant American Furniture Warehouse Co. ("AFW" or "Defendant") for approximately fifteen years. Plaintiff brings this action for damages resulting from Defendant's interference and discrimination towards Maestas for taking medical leave in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

### PARTIES

1. Plaintiff worked as an employee for Defendant and is a resident of Colorado.

2. Plaintiff is an eligible employee as that term is defined by 29 U.S.C. § 2611(2).

3. Defendant is an employer as defined by 29 U.S.C. § 2611(4).

4. Defendant is a Colorado Corporation with a principal office located at 8820 American Way, Englewood, Colorado 80112.

5. Defendant employed more than 500 employees during Plaintiff's employment.

## JURISDICTION AND VENUE

6. Jurisdiction is asserted pursuant to the FMLA. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant is a Colorado Corporation that transacts business in the State of Colorado.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as the Defendant conducts business within this District and the acts alleged by Plaintiff occurred in this District.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

10. AFW hired Maestas on or about March 1, 2004 to work in the front office.

11. Maestas performed her job duties satisfactorily and received various promotions during her tenure with AFW.

12. In July 2011, Maestas transferred to Defendant's corporate human resources department to work as a Human Resources Coordinator.

13. Maestas worked in this role until her separation from AFW.

14. On or about March 11, 2019, a male coworker of Maestas named Kenny Price ("Price") verbally accosted her and then followed Maestas into her office and threatened her.

15. Price began to close the door when he entered Maestas's office, which made Maestas feel even more uncomfortable and concerned for her safety.

16. Maestas asked him not to close the door, but Price did so anyway.

17. Maestas got up to leave her office and moved around Price to exit.

18. Maestas filed a formal written complaint with AFW via email to Rebecca Galbraith ("Galbraith") on the afternoon of March 11, 2019.

19. Maestas began to suffer from anxiety and sought medical treatment for her mental health.

20. On or about March 15, 2019, Maestas submitted paperwork to AFW to take FMLA leave to address her mental disability and health.

21. AFW granted the request for FMLA leave with an initial return date of on or about March 25, 2019. Subsequently, the return date was extended to on or about April 1, 2019.

22. On or about March 27, 2019, Galbraith contacted Maestas by phone and asked if she planned to resign or if she intended to extend her leave.

23. During this telephone call, Galbraith informed Maestas that she would be assigned different job duties when she returned to work.

24. Maestas returned to work on April 1, 2019.

25. Maestas met with Galbraith, who explained Maestas's reassigned job duties.

26. Upon return, Maestas discovered her office had been moved to a different location and her personal belongings had been packed in a box.

27. The new office was not set up for Maestas to perform her job duties.

28. Maestas contacted AFW personnel to complete the setup so she could begin work.

29. During her first day back at work, numerous AFW employees stopped by Maestas's office and commented about what happened and what she must have done to deserve her new position.

30. Maestas attempted to perform her new job duties on April 2 and 3, but ultimately she could not continue to work under those conditions.

31. On April 4, 2019, Maestas was constructively discharged from her position at AFW.

## FIRST CAUSE OF ACTION
### Interference with Exercise of Rights in Violation of the Family and Medical Leave Act
### 29 U.S.C. § 2615(a)(1)

32. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

33. Plaintiff alleges that Defendant qualifies as an "employer" as that term is defined in 29 U.S.C. § 2611(4), and that Maestas is an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

34. Plaintiff requested leave pursuant to FMLA and provided certification on or about March 15, 2019, complying with 29 U.S.C. § 2613.

35. Defendant informed Plaintiff that her request for FMLA had been approved through April 1, 2019.

36. Defendant interfered with Maestas's right to use FMLA by contacting her while on leave for issues unrelated to the administration of the leave of absence in violation of 29 U.S.C. § 2615(a)(1).

37. Defendant then failed to reinstate Maestas to her same position when she returned.

4

38. Maestas was constructively discharged because of AFW's interference with Maestas's FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

39. As the result of Maestas's constructive discharge, Maestas has incurred a loss of wages within the meaning of the FMLA in an amount to be proven at trial. These damages include, without limitation, back pay and lost benefits from the effective date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in 29 U.S.C. § 2617(a)(1).

40. Defendant acted in a manner which entitles Plaintiff to liquidated damages as contemplated by 29 U.S.C. § 2617(a)(1).

41. Defendant is liable to Maestas for reasonable attorney's fees, reasonable expert witness fees, and other costs incurred in the prosecution of this matter pursuant to 29 U.S.C. § 2617(a)(3).

**SECOND CAUSE OF ACTION**
**Discrimination in Violation of the Family and Medical Leave Act**
**29 U.S.C. § 2615(a)(2)**

42. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

43. Plaintiff alleges that Defendant qualifies as an "employer" as that term is defined in 29 U.S.C. § 2611(4), and that Maestas is an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

44. Plaintiff requested leave pursuant to FMLA and provided certification on or about March 15, 2019, complying with 29 U.S.C. § 2613.

45. Defendant informed Plaintiff that her request for FMLA had been approved through April 1, 2019.

46. Defendant discriminated against Maestas by altering the terms and conditions of her employment upon her return from leave in violation of 29 U.S.C. § 2615.

47. Defendant then failed to reinstate Maestas to her same position when she returned.

48. Maestas was constructively discharged because of AFW's discrimination Maestas's FMLA rights in violation of 29 U.S.C. § 2615(a)(2).

49. As the result of Maestas's constructive discharge, Maestas has incurred a loss of wages within the meaning of the FMLA in an amount to be proven at trial. These damages include, without limitation, back pay and lost benefits from the effective date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in 29 U.S.C. § 2617(a)(1).

50. Defendant acted in a manner which entitles Plaintiff to liquidated damages as contemplated by 29 U.S.C. § 2617(a)(1).

51. Defendant is liable to Maestas for reasonable attorney's fees, reasonable expert witness fees, and other costs incurred in the prosecution of this matter pursuant to 29 U.S.C. § 2617(a)(3).

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ashley Maestas prays for judgment against Defendant American Warehouse Furniture Co. in an amount to be determined at trial, liquidated damages, pre-judgment and post-judgment interest, costs and expert witness fees, attorney's fees, and for such other and further relief as provided by statute and that the Court may deem proper.

Dated: March 23, 2021.

                              Respectfully submitted,

                              */s/Andrew C. Quisenberry*
                              Andrew C. Quisenberry, Esq.
                              BACHUS & SCHANKER, LLC
                              101 West Colfax Avenue, Suite 650
                              Denver, CO 80202
                              Telephone: 303.893.9800
                              Facsimile: 303.893.9900
                              Andrew.Quisenberry@coloradolaw.net

                              *Attorney for Plaintiff*